USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/5/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
IN RE SEPTEMBER 11 LITIGATION

    - and -

IN RE SEPTEMBER 11 PROPERTY DAMAGE AND
BUSINESS LOSS LITIGATION

------------------------------------------------------------------- X

: Civil Nos.
: 21 MC 97 (AKH)
: 21 MC 101 (AKH)
:
: This Order relates to:
: 03 CV 7022 (AKH)
: SUZANNE MLADENIK v.
: AMERICAN AIRLINES, INC.,
: et al.

## ORDER OF FINAL JUDGMENT

ALVIN K. HELLERSTEIN, U.S.D.J.:

WHEREAS, plaintiff SUZANNE MLADENIK, and the defendants AMERICAN AIRLINES, INC., AMR CORPORATION and GLOBE AVIATION SERVICES CORPORATION, the parties to an action captioned *Mladenik v. American Airlines, Inc., et al.*, 03 Civ. 7022 (AKH), entered into a settlement agreement dated July 13, 2007, and defendants have brought a Motion for an Order: (1) approving the settlement; (2) entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure; (3) ruling that liability limitation contained in Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act applies to the settlement amount; and (4) dismissing the Complaint with prejudice as to all defendants (the "Motion");

WHEREAS, the settlement agreement provides that defendants will have no obligations thereunder, and no payment will be made to the plaintiff, unless and until a final judgment is entered in accordance with its terms and the time for appeals has been exhausted and a final ruling has issued that the full amounts paid under the settlement count against the limits on

1

liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act ("ATSSSA");

WHEREAS, amounts to be paid under the settlement agreement constitute liability on a claim arising from the terrorist related air craft crashes of September 11, 2001 within the meaning of Section 408(a)(1) of the ATSSSA;

WHEREAS, in accordance with the Stipulation and Order Regarding Settlements so ordered on April 10, 2006, the Property Damage and Business Loss Plaintiffs ("PD/BL Plaintiffs"), the Ground Defendants, and the World Trade Center Properties LLC and the Port Authority of New York and New Jersey ("WTCP/PANYNJ") Cross-Claim Plaintiffs have been provided with an updated Settlement Statement and Settlement Evaluation Materials relating to the Settled Case;

WHEREAS, the PD/BL Plaintiffs, the Ground Defendants and the WTCP/PANYNJ Cross-Claim Plaintiffs have advised the Court that because of the unique facts and circumstances of the Settled Case, they will not oppose the Motion if the Court finds the settlement to be fair, reasonable and reached in good faith, taking into account the limitation of the Settling Defendants' liability by reason of Section 408(a)(1) of the ATSSSA and the other pending claims against the Settling Defendants, including cross-claims by the WTCP/PANYNJ;

WHEREAS, the Court has reviewed the settlement and finds that it is fair and reasonable and has been reached in good faith;

WHEREAS, the WTCP/PANYNJ Cross-Claim Plaintiffs' insurers have waived receipt of notice of this settlement, were previously advised that any order would have the language included in paragraph 6, below, and have not interposed any objection with the Court;

2

WHEREAS, there is no just reason to delay the entry of final judgment in accordance with the terms of the settlement agreement; and

WHEREAS, any delay in the entry of judgment would deny the family of a victim of the September 11 terrorist attacks a chance to achieve closure, prolong litigation when a negotiated resolution is at hand, and create uncertainty and confusion;

NOW, THEREFORE IT IS ORDERED THAT:

1. The settlement agreement is hereby approved and the parties are directed to effectuate the settlement in accordance with its terms.

2. The full amount of all payments under the settlement agreement shall count against the limits on liability established by Section 408(a)(1) of the Air Transportation Safety and System Stabilization Act and applicable to American Airlines, Inc., AMR Corporation and Globe Aviation Services Corporation.

3. This case is severed from all other cases consolidated in 21 MC 97.

4. Final judgment in accordance with the terms of the settlement agreement shall be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

5. The Complaint in *Mladenik v. American Airlines, Inc., et al.*, 03 Civ. 7022 (AKH), is hereby dismissed with prejudice as to all defendants and without costs.

6. Any claim that any insurer or insured may have against any party for consenting to or not objecting to and opposing the settlement on any grounds is hereby extinguished.

This constitutes the final judgment of the Court, there being no just reason for delay. Fed. R.

Civ. P. 54(b). The Clerk is instructed to close the file of this severed case.

Dated: New York, New York
    This 4 day of Sep., 2007.

ALVIN K. HELLERSTEIN
United States District Judge